UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ROBERT H. JONES, ) | |
| ) | |
| ) | Civil No. 15-20-GFVT |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION &** |
| LIBERTY MUTUAL INSURANCE, ET ) | **ORDER** |
| AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is the Defendants' Motion to Dismiss. [R. 66.] For the reasons explained below, the Court concludes that Plaintiff Robert H. Jones's complaint fails to state a claim upon which relief can be granted. The Defendants' motion is therefore GRANTED.

**I**

On April 21, 2012, Jones's car was struck by Defendant Taylor Lenhart's vehicle. The resulting dispute between Jones and Lenhart's insurance company, Liberty Mutual Fire Insurance, formed the foundation of this lawsuit. Filing pro se, Jones first alleged a broad conspiracy involving multiple defendants, including Lenhart, Liberty Mutual, Jones's former attorney, and many others. According to Jones, these Defendants collectively devised "A SKEME TO CHEAT, SWINDlE, DEFRA,00UD, PLAINTIFF ROBERT HJONES OF OVER $20,000.00 WITH A POTENTIAL LOSS OF OVER $1,000,000.00." [R. 1-1 at 4.]

Most of the original defendants in this case were citizens of Kentucky, the same state in which Jones resides, and all of Jones's claims are grounded in state law. [*Id.* at 3-5.] In an order entered on December 30, 2015, however, the Court found that, because Jones had stated "no

colorable cause of action" against the non-diverse defendants, these parties had been fraudulently joined to the case. [R. 52 at. 8.] The Court thereafter dismissed the non-diverse defendants from this action. [*Id.*] The only remaining Defendants before the Court are Liberty Mutual Fire Insurance and David H. Long, the CEO of Liberty Mutual. For many of the same reasons outlined in the Court's order dismissing the non-diverse defendants from this case, the Court now concludes that Jones's allegations against the remaining Defendants fail at the pleading stage.

## II

### A

In evaluating the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Additionally, complaints filed by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Dismissal is ordinarily appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc.*, 487 F.3d at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). When measuring a pleading against this standard, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts pled in support of the plaintiff's claims must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

To demonstrate facial plausibility, "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). These requirements "serve[] the practical purpose of preventing a plaintiff with 'a largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 545-46 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

**B**

Jones makes two claims against Liberty Mutual. In addition to those joint allegations against its CEO (discussed below), Jones also suggests that Liberty Mutual's former counsel, Jeffrey Taylor, somehow participated in a nebulous conspiracy with Jones's former attorney, Joseph L. Rosenbaum,[1] to settle Jones's insurance claim with Liberty Mutual. Jones alleges that Taylor and Rosenbaum conducted a 'CLANDESTINE MEETING" resulting in an agreement that "WOULD END ANY LIABILITY FOR LIBERTY MUTUAL INSURANCE COMPANY." [R. 1-1 at 5.] Although Jones apparently claims that Rosenbaum no longer legally represented him at this stage of the litigation, he fails to plead any facts indicating that Taylor was aware of a dispute regarding Rosenbaum's status as Jones's representative, or of Rosenbaum's alleged intention to enter this agreement without Jones's permission. Further, Jones's summary allegation that the supposed agreement "END[ED] LIABILITY" for Liberty is directly contradicted by the facts and Jones's own statements in the complaint. As Liberty emphasizes, "[n]ot only has no such [release agreement] been signed, Plaintiff's action against Liberty

---

[1] The Court dismissed Jones's claims against Rosenbaum from this case because they were dismissed with prejudice in state court prior to the filing of this action. [R. 52 at 7.]

Mutual is still pending" in state court. [R. 19 at 7.] Liberty believes Jones "is confusing his settlement with Lenhart with his claim against Liberty Mutual, which has *not* been settled." [*Id.* at 2.] And in the complaint itself, Jones concedes that his case against Liberty remains unresolved, noting that Liberty "FOR WHATEVER REASON HAS REFUSED TO SETTLE." [R. 1-1 at 5.] Jones also apparently admits that no one has signed this alleged agreement, speculating that "BASED ON PAST HISTORY JOSEPH ROSENBAUM WOULD HAVE NO PROBLEM" forging his signature on such an agreement. [*Id.* at 5.] Given that (1) none of the pleaded facts indicate Taylor was aware of Rosenbaum's disputed status as Jones's legal representative and (2) Jones's own pleading indicates Taylor never entered into this settlement agreement, the Court finds no "reasonable basis for predicting that state law would impose liability" on Liberty Mutual upon the facts presented. *Walker*, 443 Fed. Appx at 951.

### C

Jones's claims against Defendant David H. Long also appear on only two occasions. The first is in the conclusory, catch-all allegation that all of the Defendants collectively devised "A SKEME TO CHEAT, SWINDlE, DEFRA,00UD, PLAINTIFF ROBERT HJONES OF OVER $20,000.00 WITH A POTENTIAL LOSS OF OVER $1,000,000.00." [R. 1-1 at 4.] The second is in the equally conclusory statement that Liberty Mutual and Long "DID CREATE AN ENVIROMENT THAT FOSTERED AND LED TO ILLEGAL ACTIVITIES BY ITS ATTORNEYS." [*Id.*] Because neither of these summary allegations provide any factual support, they are not entitled to a presumption of truth at the pleading stage. *See, e.g., Iqbal*, 556 U.S. at 664 (holding plaintiff's claims that one defendant was the "principal architect" of a disputed policy and another was "instrumental" in its adoption and execution, without supporting facts, were "conclusory and not entitled to be assumed true."); *Ctr. for Bio-Ethical Reform, Inc.*

4

*v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011) (dismissing plaintiff's claims and noting "[n]one of these bare allegations provide the factual context that would render them plausible and thus entitle them to a presumption of truth at this stage in the litigation."). In the absence of this support, the Court concludes that Jones's claims "stop[ ] short of the line between possibility and plausibility."[2] *Iqbal*, 556 U.S. at 678.

### III

For the reasons outlined above, the Court finds that Jones has failed to state a claim upon which relief can be granted. Accordingly, having reviewed the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Defendants' Motion to Dismiss **[R. 66]** is **GRANTED**; and

(2)  The Court will enter an appropriate Judgment contemporaneously herewith.

This 21st day of March, 2016.



Gregory F. Van Tatenhove
United States District Judge

---

[2] In addition to maintaining that Jones's allegations against Long are conclusory, the Defendants also argue at length that (1) the Court lacks personal jurisdiction over Long and (2) Jones did not properly serve Long. Because Jones so plainly fails to state a claim against Long upon which relief can be granted, the Court need not address the Defendants' additional arguments here. [R. 66-1 at 7-12.]